649 So.2d 894 (1995)
Rose SCORDAS, Appellant,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 93-3245.
District Court of Appeal of Florida, First District.
January 31, 1995.
*895 Rajjina G. Singh, Clearwater, John E. Dubrule and John P. Cunningham of Gulfcoast Legal Services, Inc., St. Petersburg, for appellant.
David Jon Fischer, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Largo, for appellee.
VAN NORTWICK, Judge.
Appellant challenges a final order of the Office of Public Assistance Appeal Hearings, Department of Health and Rehabilitative Services (HRS), which affirmed the denial by HRS of benefits from the Medically Needy Program. The findings and conclusions in the final order of the hearings officer are inadequate for a reviewing court to determine whether the order is supported by competent and substantial evidence in the record, whether the hearings officer properly considered the combined impairments of the appellant or whether the hearings officer correctly applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. Accordingly, we reverse and remand.
On January 22, 1992, the appellant applied for benefits from the Medically Needy Program as authorized by section 409.026, Florida Statutes (1991). This program is designed to provide Medicaid benefits to individuals and families who meet certain income guidelines and are aged, blind or disabled, but are otherwise ineligible either for the federal Aid to Families with Dependent Children (AFDC) or Supplemental Social Security (SSI) programs. Walker v. Dept. of Health and Rehabilitative Services, 533 So.2d 836 (Fla. 1st DCA 1988). HRS evaluates claims for the Medically Needy Program by applying all SSI-related criteria.
Under the SSI program, disability is defined by 20 C.F.R. § 416.905(a) as follows:
... as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you [i.e., the applicant for benefits] must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy. To determine whether you are able to do any other work, we consider your residual functional capacity and your age, education, and work experience.
HRS utilizes a five-step analysis set forth in 20 C.F.R. § 416.920 to determine whether claimant is disabled and thus entitled to benefits under the Medically Needy Program. Fricker v. Department of Health and Rehabilitative Services, 606 So.2d 446, 448 (Fla. 1st DCA 1992); Walker v. Department of Health and Rehabilitative Services, supra. As summarized in McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir.1986), this five-step sequential analysis utilizes the following inquiries:
(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation? [Footnote omitted.]
(5) Is the claimant unable to perform any other work within the economy?
As the court stated in McDaniel, "an affirmative answer to any of the above questions leads us either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of `not disabled.'" Id.
Steps one and two have been described as threshold inquiries with "the most significant step in the sequential evaluation [beginning] at step three." Walker v. Department of Health and Rehabilitative Services, 533 *896 So.2d at 837. With respect to step three, this court observed in Walker that "if a claimant has more than one impairment but those impairments individually do not meet or equal the severity of any of the listed impairments, then the concurrent impairments are evaluated in combination." Id. at 837-838.
Even if there is a negative answer to step three, the hearings officer must go on to step four and step five and evaluate the claimant's ability to "perform his or her former occupation or any other work within the national economy." Id. at 837. As this court stated in Fricker v. Department of Health and Rehabilitative Services:
Step four involves a determination of whether the claimant can engage in his or her past relevant work. If so, the claimant will not be found disabled. If, however, the claimant is found unable to engage in his or her past relevant work, the decision-maker moves to step five involving the determination of the claimant's residual functional capacity in his or her age, education and past work experience, in order to evaluate whether there are other jobs existing in the national economy that the claimant can perform. [Citations omitted.]
606 So.2d at 448.
In the final order below, the hearings officer made the following findings of fact concerning the appellant's condition:
Ms. Scordas has a history of chronic pancreatis; non-insulin dependent diabetes; hypertriglyceridemia; left ulnar neuropathy; and polycystic ovaries syndrome. In November of 1991, Ms. Scordas was hospitalized and diagnosed with acute pancreatis, severe. She had acute respiratory distress syndrome, with respiratory failure, as well as acute renal failure, requiring dialysis. Ms. Scordas's hospital stay was from November 9, 1991 to December 2, 1991.
Ms. Scordas continues to have "a hard time breathing," headaches, a numb left hand, difficulty concentrating, and lack of energy and addition [sic], Ms. Scordas perspires heavily, and occasionally feels dizzy. She has pancreatic pains.
Ms. Scordas's Medical Record show [sic] that her pulmonary function test are [sic] normal, that he [sic] diabetes and renal failure have not damaged any vital organs, and that the diabetes is being treated with oral agent. Medical Records also show that there is slightly diminished hand grip strength of the left hand and mild atrophy of the "first web space." All limb and gait modalities are normal.
Ms. Scordas is right handed. She is receiving treatment for hypertriglyceridemia, and is taking Lopid. Due to her financial difficulties, Ms. Scordas has had to limit her doctors [sic] visit as well as some of her medications.
The hearings officer's consideration of step three in the final order is limited to the following: "The third step is to determine whether or not the individual's impairment(s) meets or equals a listed impairment in Appendix 1. The evidence does not support such." This summary conclusion does not include any factual findings, any reference to competent and substantial evidence in the record, any reasons for rejecting the appellant's evidence, or any other rationale to support the bare conclusion that the appellant's impairments, separately or combined, fail to "meet or equal a listed impairment in Appendix 1 or address the issue of the appellant's combined impairments."
Further, in analyzing the fourth and fifth steps, the hearings officer's evaluation is limited to the following:
While the evidence would show that Ms. Scordas may not be able to do her past work, she should be able to do sedentary work which would allow her to sit while working. Ms. Scordas's neuropathy of the left hand would not interfere with her writing ability, as she is right handed.
This brief conclusion does not contain any findings or discussion about the appellant's specific impairments other than the neuropathy of the appellant's left hand, any reasons for which the hearing officer may have rejected appellant's testimony concerning pain,[1] *897 or any analysis as to the jobs suitable for appellant given her combined impairments.[2] In addition, the conclusions of the hearings officer are unusually equivocal. For example, the final order concludes that the appellant "may not be able to do her past work" and "should be able to do sedentary work which would allow her to sit while working." (Emphasis added).
This court frequently has been required to reverse a final order of an HRS hearings officer because the order failed to contain sufficiently detailed findings and evaluations of criteria under various regulations. See, for example, Walker v. Department of Health and Rehabilitative Services, supra, Carosharo v. Department of Health and Rehabilitative Services, 598 So.2d 302 (Fla. 1st DCA 1992), Fricker v. Department of Health and Rehabilitative Services, supra, Edlin v. Department of Health and Rehabilitative Services, 633 So.2d 1185 (Fla. 1st DCA 1994). "[It] is the duty of the ... [hearings officer] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir.1987). "In the absence of the hearing officer's detailed evaluation of the criteria and questions under the cited regulations, we are unable to provide adequate appellate review of that decision." Carosharo v. Department of Health and Rehabilitative Services, 598 So.2d at 302.
We therefore reverse and remand for further proceedings consistent with this opinion. While on remand, the hearings officer is to consider whether a combination of appellant's impairments satisfies her burden in step three of the five part evaluation set forth in McDaniel v. Bowen, supra.
REVERSED and REMANDED.
BARFIELD and KAHN, JJ., concur.
NOTES
[1] "[W]hile [a claimant's] pain may not be disabling in and of itself, it may be disabling when considered along with [claimant's] other impairments ... Thus, the issue of pain is still relevant in determining whether [a claimant] maintains the residual functional capacity to work." Chester v. Bowen, 792 F.2d 129, 132 (11th Cir.1986).
[2] In fact, appellee admits in its answer brief that the final order is defective because it "does not list the types of employment which Appellant could perform nor does it articulate the reasons for which the Hearing Officer discounted Appellant's subjective testimony regarding pain" and appellee itself requests remand for "the entry of a revised order containing additional findings of fact... ."