Toni ORTEGA, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 95–2112–Civ.

United States District Court,
S.D. Florida.

July 9, 1996.

Lyle Donald Lieberman, Miami, FL, for Toni Ortega.

Sally M. Richardson, United States Attorney's Office, Miami, FL, for Social Security Administration.

## ORDER

JOHNSON, United States Magistrate Judge.

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment (D.E. 13). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Donald L. Graham, United States District Judge for the Southern District of Florida for a preliminary review of the Administrative Record (hereinafter "R" or "Record") and an Order as to whether the Record contains substantial evidence to sup-

port the Commissioner's findings. On January 11, 1996, the parties executed a consent form consenting to have summary judgments disposed of by the undersigned United States Magistrate Judge by Order. This matter is now ripe for judicial review.

## I. PROCEDURAL BACKGROUND

Plaintiff, Toni Ortega (hereinafter "Plaintiff") filed an application for disability insurance benefits and supplemental security income on January 4, 1991, alleging disability since December 31, 1988 (R. 73). The Social Security Administration (hereinafter the "SSA") denied this claim initially and upon reconsideration (R. 77 & 90). Thereafter, the Plaintiff requested and received a hearing before an Administrative Law Judge (hereinafter the "ALJ") who determined that the Plaintiff was not disabled within the meaning of the Social Security Act (hereinafter the "Act") and consequently not entitled to benefits (R. 35). The Administrative Law Judge issued a decision stating that the Plaintiff retains the residual functional capacity to perform work-related activities except for those involving "work around unprotected heights or dangerous moving machinery or work around severe environmental pollutants including strong irritating chemical smells." (R. 34). The ALJ then asserted that the Plaintiff's impairments did not prevent her from performing her past relevant work as an employment counselor. (R. 34). This decision was affirmed by the Appeals Council on July 27, 1995. (R. 6–9). After exhaustion of her administrative remedies, the Plaintiff filed this action to reverse the Commissioner's decision.

## II. FACTUAL BACKGROUND

The Plaintiff, born on December 21, 1956, was 32 years old at the time she alleges she became disabled. She was 36 at time of the administrative hearing. (R. 73). Ms. Ortega completed high school, including an additional course in cosmetology. (R. 43). Her past relevant work includes employment as a hairdresser, waitress, toy store cashier, and employment counselor. (R. 105). Ms. Ortega is divorced and lives in her mother's home along with her mother, grandmother, and son. (R. 41). She claims to suffer from severe migraine headaches which cause her to be bedridden, with uncontrollable pain, nausea, photophobia, and sensitivity to noise. The migraine headaches purportedly prevent Ms. Ortega from functioning physically or mentally for a majority of the month.

Dr. Pilar Trueba, Ms. Ortega's sole treating physician since August, 1989, has examined the Plaintiff on over 41 occasions and has confirmed the existence of migraine headaches. In addition, Dr. Zwibel and Dr. Calderon, the two treating neurologists who have provided treatment since 1987, as well as several hospital emergency room physicians, have also diagnosed Ms. Ortega with migraine headaches. All of these physicians have treated the migraines with several different potent medications. The Commissioner's own consultative physician, Marilu Sabas, M.D., has confirmed that the Plaintiff has severe recurrent migraine headaches.

## III. STANDARD OF REVIEW

Judicial review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1991); *McDaniel v. Bowen*, 800 F.2d 1026, 1028 (11th Cir.1986). "Substantial evidence" is more than a scintilla, but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983).

In determining whether substantial evidence exists the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). Further the reviewing court must be satisfied that the decision of the Commissioner is grounded in the proper application of the

appropriate legal standards. *Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir.1987). The court may not, however, decide facts anew, reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Baker o/b/o Baker v. Sullivan,* 880 F.2d 319 (11th Cir.1989); *Bloodsworth,* 703 F.2d at 1239.

■ This restrictive standard of review, however, applies only to findings of fact. No presumption of validity attaches to the Commissioner's conclusions of law, including the determination of the proper standard to be applied in reviewing claims. *Brown v. Sullivan,* 921 F.2d 1233, 1235 (11th Cir.1991); *Martin,* 894 F.2d at 1529 ("Commissioner's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal"); *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir.1991); See also *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir. 1982).

## IV.   LEGAL ANALYSIS

Regulations promulgated by the Commissioner establish a five-step sequential analysis to arrive at a final determination of disability. 20 C.F.R. § 416.920(a)(f). The ALJ must first determine whether the plaintiff is presently employed; if so, a finding of non-disability is made and the inquiry ends. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the plaintiff suffers from a severe impairment or combination of impairments, if not, then a finding of non-disability is made and the inquiry ends. 20 C.F.R. § 404.1520(c). At step three, the ALJ compares the plaintiff's severe impairments to those in the listings of impairments. 20 C.F.R. § 404.1520(d). Step four involves a determination of whether the impairments prevent the plaintiff from performing his or her past relevant work. If the plaintiff is unable to perform his or her past relevant work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show, at step five, that there is other work available in the national economy which the plaintiff can perform. 20 C.F.R. § 404.1520(e)(f).

In the instant case, the ALJ determined that the Plaintiff retained the residual functional capacity "for work of at least a light or medium level of exertion" and "except for work involving work around unprotected heights or dangerous moving machinery or work around severe environmental pollutants including strong irritating chemical smells." (R. 34). Thus, the ALJ concluded that Ms. Ortega could perform her past relevant work as an employment counselor and/or waitress. (R. 34). Consequently, the ALJ ended at step four of the sequential analysis, finding the Plaintiff not disabled under the Act. The Plaintiff challenges the ALJ's decision as not supported by substantial evidence and not grounded upon appropriate legal standards. Specifically, the Plaintiff asserts that the ALJ: (a) improperly disregarded and rejected the medical opinion of Plaintiff's sole treating physician, Dr. Pilar Trueba; and, (b) failed to give appropriate weight to her subjective complaints of pain. Each of these charges of error shall be addressed in turn.

### A.   The ALJ's Evaluation of the Medical Evidence

In seeking reversal of the ALJ's decision, Plaintiff first argues that the ALJ failed to accord the proper weight to Plaintiff's treating physician. This Court agrees.

■ It is well established that the opinion, diagnosis, and medical evidence of Plaintiff's treating physician should be accorded substantial weight unless "good cause" is shown for not doing so. *Edwards v. Sullivan,* 937 F.2d 580, 583 (11th Cir.1991); *Swindle v. Sullivan,* 914 F.2d 222, 226 n. 3 (11th Cir.1990); *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). It follows that the opinions of reviewing, non-examining physicians, when contrary to those of examining physicians, are entitled to little weight. *Lamb v. Bowen,* 847 F.2d 698 (11th Cir.1988); *Sharfarz v. Bowen,* 825 F.2d 278 (11th Cir.1987). The ALJ may ignore the opinion of the treating physician regarding disability only if the

opinion is so brief and conclusory that it lacks persuasive weight or is unsupported by any clinical or laboratory findings. *Wheeler v. Heckler,* 784 F.2d 1073 (11th Cir.1986); *Bloodsworth v. Heckler,* 703 F.2d 1233 (11th Cir.1983).

A review of the record reveals that on November 5, 1993, Dr. Trueba, Plaintiff's treating physician, asserted:

> Plaintiff is unable to perform normal daily chores, even at a sedentary level due to her not knowing when the attacks are going to come nor the intensity or diversities of symptoms that it may present, also the medication she has been taking makes her drowsy.

(R. 156). While it is true that Dr. Trueba did not cite to any laboratory tests confirming the existence or the severity of Ms. Ortega's migraine headaches, she did set forth the medical signs and symptoms sufficient to justify the diagnosis and treatment of migraine headaches. Included among the signs and symptoms suffered by the Plaintiff are nausea, vomiting, photophobia, dizzy spells, and black outs. (R. 152). Many of these symptoms are, in fact, medical signs which are associated with severe migraine headaches. Since present-day laboratory tests cannot prove the existence of migraine headaches, as is also the case with many psychiatric and psychological impairments, these medical signs are often the only means available to prove their existence. *Sisco v. U.S. Dept. of Health and Human Services,* 10 F.3d 739, 744 (10th Cir.1993) (noting there was no "dipstick" laboratory test to confirm the existence of Chronic Fatigue Syndrome the Court found the ALJ erred by relying upon plaintiff's failure to have such a test administered and thus, denying disability). The signs often begin as symptoms which, when analyzed by a physician or psychologist, can point out identifiable elements of a specific impairment. In the present case, nausea and vomiting were the medical signs analyzed to determine the existence of migraine headaches. Without these medical signs, it would be impossible to diagnose or treat migraine headaches for any patient. Therefore, the ALJ should not have discounted Dr. Trueba's opinion since she has been Ms. Ortega's sole treating physician on more than 41 occasions since August, 1989 and can confirm the existence of these migraine headaches.

It is well established that the opinion diagnosis and medical evidence of the plaintiff's treating physician should be accorded substantial weight unless "good cause" is shown for not doing so. *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). Here the opinion of the treating physician is consistent, extensive, and substantiated by objective medical evidence. Neither the Social Security Administration nor the federal courts, require that an impairment be proven through objective laboratory tests. For example, the SSA has for years accepted Chronic Fatigue Syndrome and arthritis as medically determinable impairments without requiring laboratory findings. *Sisco v. U.S. Dept. of Health and Human Services,* 10 F.3d 739, 743–744 (10th Cir.1993); *Sharfarz v. Bowen,* 825 F.2d 278, 280 (11th Cir.1987) (because "arthritis is an affliction of such common occurrence," laboratory findings are unnecessary, and the "obvious manifestations of arthritis during a physical examination" may also qualify as objective medical facts). Thus, the ALJ made an improper decision by discounting all of the relevant medical evidence and requiring laboratory test results.

**B.** *The ALJ's Consideration of Plaintiff's Subjective Complaints of Pain*

Plaintiff also seeks reversal on the grounds the ALJ found the Plaintiff's subjective complaints of pain to the degree alleged non-credible. It is well established that pain alone can be disabling. *Walker v. Bowen,* 826 F.2d 996, 1003 (11th Cir.1987); *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1986). However, the Plaintiff's testimony of pain standing alone is not conclusive evidence of disability. *Macia v. Bowen,* 829 F.2d 1009, 1011 (11th Cir.1987). The Eleventh Circuit has established a three-part standard that the Commissioner must apply to evaluate a claimant's complaints of pain. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or

(3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991); *Allen v. Sullivan,* 880 F.2d 1200, 1202 (11th Cir.1989). If an ALJ rejects a claimant's testimony of pain on credibility grounds, he must explicitly state as much and give reasons for that determination. *Parker v. Bowen,* 788 F.2d 698 (11th Cir.1986); *Owens v. Heckler,* 748 F.2d 1511 (11th Cir.1984). Failure to state a reasonable basis for rejection of such testimony mandates the testimony be accepted as true "as a matter of law." *Holt,* 921 F.2d at 1223; *Cannon v. Bowen,* 858 F.2d 1541 (11th Cir. 1988).

■ In the instant case, the ALJ found plaintiff's subjective complaints of pain were credible only to the extent they were consistent with the ability to perform work of a light to medium level of exertion. (R. 34). The medical reports provided sufficient evidence of an underlying medical condition of chronic migraine headaches with symptoms including nausea, vomiting, photophobia, dizzy spells and black-outs. Indeed, the ALJ acknowledged that this medical evidence established Plaintiff has a medical condition resulting from these migraine headaches. This preliminary fact having been established, the ALJ next went on to consider both prongs of the two-part pain test. In this regard, the ALJ discounted the Plaintiff's complaints of pain as not supported by any laboratory test results and/or other evidence of the record. This court has reviewed each of the reasons for rejection asserted and finds them all wholly lacking in merit.

The ALJ and the Appeals Council erred in concluding that no clinical findings supported the determination that Plaintiff has a debilitating disorder. The regulations do not require that a disabling impairment be proven by laboratory findings. Proof of the existence of objective medical signs are sufficient to establish an impairment. 20 C.F.R. § 404.1512(b)(1). Dr. Trueba did not cite to any laboratory tests confirming the existence and severity of the migraine headaches because no such tests exist. Dr. Trueba did, however, cite to several medical signs which

have been found sufficient to warrant and treat migraine headaches. Without the availability of these medical signs it would be impossible to diagnose or treat migraine headaches. Therefore, it was improper for the ALJ to require that an impairment be shown through objective laboratory tests.

In addition, the ALJ failed to refute Dr. Trueba's opinion that the Plaintiff is unable to perform even sedentary work on a regular full-time basis, due to her migraine headaches. In Dr. Trueba's medical assessment, she expressed her opinion that the Plaintiff can only sit a total of less than 1 hour and stand or walk less than 1 hour in an 8-hour workday. (R. 157). She further stated that Ms. Ortega requires complete freedom to rest frequently and without restriction. She needs to lie down for long periods of time during the day. Ms. Ortega testified that she never knows when her migraine headaches will strike. When they do strike, the migraine headaches last an average of three to eleven days. She does not sleep well during the migraine and she cannot eat well because of the nausea. Thus, Dr. Trueba has opined that the Plaintiff should not work at all since the stress of work-related activities would only make her episodes of headaches, drowsiness, nausea, and weakness to become more frequent and severe. (R. 160).

## V. CONCLUSION

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment is **GRANTED** and the decision of the Commissioner is **REVERSED**. Plaintiff shall receive payment, forthwith and hereafter of all benefits to which she is due, past, present and/or future, under law.

**DONE AND ORDERED.**