PARKER, Judge.
Yvonne Gagliardi appeals the final order denying her Medicaid benefits on the basis that she is not disabled. We reverse because the conclusions of the hearing officer are inadequate.
Gagliardi filed an application to receive SSI-related Medically Needy Program bene *1023 fits. Because she was not yet sixty-five years of age, she had to undergo the disability assessment. The Office of Disability Determinations (ODD) reviewed Gagliardi’s medical records and other information and determined that she did not meet the disability criteria. The ODD determined that her condition was not severe enough to prevent her from performing work as a cashier. Thereafter, the Department of Health and Rehabilitative Services (HRS) denied her the disability benefits on the basis that she did not meet the disability criteria. Gagliardi requested an administrative hearing to contest the denial of benefits. After the administrative hearing, the hearing officer concluded that the evidence supported the denial of benefits.
HRS is required to follow a five-step analysis set forth in 20 C.F.R. § 416.920 in making a determination of whether a claimant is disabled and entitled to benefits. This five-step analysis is as follows:
(1) Is the claimant presently employed?
(2) Is the claimant’s impairment severe?
(3) Does the claimant’s impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation? (Footnote omitted.)
(5) Is the claimant unable to perform any other work within the economy?
Walker v. Dep’t of Health & Rehabilitative Sens., 533 So.2d 836, 837 (Fla. 1st DCA 1988), quoting, McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir.1986). “A negative answer to any question, other than step three, leads to a determination of ‘not disabled.’” Id. See also Fla.Admin.Code R. IOC-8.212; 20 C.F.R. § 416.905, .929; 20 C.F.R. § 404, Subpt. P, App. 1.
The hearing officer determined that Gagliardi was unemployed and that her impairment was severe. Next, the hearing officer concluded that Gagliardi’s impairment did not meet or equal one of the specific impairments listed in the regulations. Finally, the hearing officer determined that Gagliardi had the residual functional capacity to perform light work. The regulations define cashier work in the retail industry as light work; therefore, because Gagliardi worked as a cashier for a brief time, the hearing officer concluded that she could perform her former occupation. Based on these findings and conclusions, the hearing officer affirmed HRS’s action in denying her disability benefits.
The record supports the fact that Gagliardi suffers from heart problems, asthma, and diabetes. In Scordas v. Department of Health & Rehabilitative Services, 649 So.2d 894 (Fla. 1st DCA 1995), the First District Court concluded that it was error for the hearing officer to make a summary conclusion regarding whether the claimant’s impairments, either separately or combined, equaled a listed impairment with no factual findings and no reference to competent and substantial evidence in the record. Id. at 896. In this case, it appears that the hearing officer focused on Gagliardi’s heart condition and did not complete a proper assessment of the other impairments or the effect of the combined impairments. The hearing officer did not state whether the combined impairments failed to meet or equal any impairment listed in the regulations. Therefore, the hearing officer erred by failing to make any findings regarding the effect of the combined impairments. Scordas, 649 So.2d at 897.
Accordingly, we reverse and remand for further proceedings so that the hearing officer can consider the combined effect of Ga-gliardi’s impairments. Although the hearing officer’s order states that the treating physician’s records were untimely, upon remand those records must be considered at the new hearing.
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., concur.