DAVIS, Judge.
Appellant, Irene M. Bonner, challenges a final order of the Office of Public Assistance Appeal Hearings, Department of Health and Rehabilitative Services (“HRS”), which affirmed the denial by HRS of Medicaid disability benefits. Because the findings and conclusions in the final order of the hearing officer are inadequate to permit this court to determine whether the hearing officer properly considered the transferability of Ms. Bonner’s skills and correctly applied the medical-vocational guidelines set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2, we reverse and remand for further proceedings.
On November 28, 1995, Ms. Bonner applied for Medicaid benefits under the Medically Needy Program as authorized by sections 409.026, 409.901-409.920, Florida Statutes (1995). This program is designed to provide Medicaid benefits to individuals and families who meet certain income guidelines and are aged, blind or disabled, but are otherwise ineligible for either the federal Aid to Families with Dependent Children or Supplemental Social Security (“SSI”) programs. See Scordas v. Department of Health and Rehabilitative Services, 649 So.2d 894 (Fla. 1st DCA 1995) (citing Walker v. Department of Health and Rehabilitative Services, 533 So.2d 836 (Fla. 1st DCA 1988)). HRS evaluates claims for the Medically Needy Program by applying all SSI-related criteria. Id.
To meet the definition of disability in 20 C.F.R. § 416.905(a), Ms. Bonner must have a severe impairment which makes her unable to do her previous work or any other substantial gainful activity which exists in the national economy. HRS utilizes a five-step analysis set forth in 20 C.F.R. § 416.920 to determine whether a claimant is disabled and thus entitled to benefits under the Medically Needy Program. See Scordas, 649 So.2d at 895 (citing Fricker v. Department of Health and Rehabilitative Services, 606 So.2d 446 (Fla. 1st DCA 1992); Walker v. Department of Health and Rehabilitative Services, 533 So.2d 836 (Fla. 1st DCA 1988); McDaniel v. Bowen, 800 F.2d 1026 (11th Cir.1986)).
The hearing officer determined that Ms. Bonner is not employed, has a severe impairment or combination of impairments, and that, although her impairments do not meet or equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, her impairments prevent her from doing past relevant work. The consideration of these factors, steps one through four of the sequential evaluation analysis, is not at issue here.
Once the determination was made that Ms. Bonner’s impairments prevent her from doing past relevant work, a prima facie case of disability was established and the burden of going forward with the evidence shifted to HRS, at step five, to show that there is other work available in the national economy which Ms. Bonner can perform. 20 C.F.R. § 416.920(f); see Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir.1996); Ortega v. Chater, 933 F.Supp. 1071, 1074 (S.D.Fla.1996); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir.1987); Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir.1985). As to this step, the hearing officer made the following conclusions:
... Ms. Bonner has the physical strength to perform light work but is restricted to sedentary work limitation due to her limited ability to walk and stand. Her past work experience, as cited above, is considered ‘skilled or semiskilled.’ Other than her motor limitations, Ms. Bonner did not suffer any illness that affected her mental capability. There are approximately 600 separate sedentary or unskilled occupations. It can be expected that Ms. Bonner, with a 6ED diploma and a skilled-semiskilled work history can perform a reasonable number of these jobs. In accordance with rule 201.07, an individual such as Ms. Bonner is classified as not disabled.
*882 The issues in this ease turn on the inquiry made by the hearing officer at step five of the analysis and the application of the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201. Ms. Bonner contends that HRS failed to meet its burden of proof and that the hearing officer misapplied 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00, Table No. 1, rule 201.07 (1997). She asserts that rule 201.07 cannot apply unless she possesses transferable skills and that the hearing officer made no finding regarding the transferability of her skills.
In appropriate eases, the Medical-Vocational Guidelines may be relied upon to determine the existence of a disability entitling the applicant to benefits. The guidelines may be relied upon to sustain the burden of production at step five of the sequential analysis. When the use of the guidelines is appropriate and they are correctly applied, the guidelines constitute the substantial evidence necessary to uphold a decision of disability. See Gibson v. Heckler, 762 F.2d 1516, 1520 (11th Cir.1985); Heckler v. Campbell, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).
However, “[exclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.” Walker v. Bowen, 826 F.2d at 1002-03 (quoting Francis v. Heckler, 749 F.2d at 1566). Ms. Bonner does not allege that she suffers a severe non-exertional impairment which restricts her ability to perform any type of work, including sedentary work. Further, there is sufficient evidence in the record, in the form of an evaluation by Ms. Bonner’s treating physician, Dr. Robert S. Bourgeois, to support the finding that Ms. Bonner is restricted to, but capable of performing, sedentary work. Moreover, the hearing officer found that Ms. Bonner did not suffer any illness that affected her mental capability, thereby eliminating any non-exertional limitation that would preclude the application of the guidelines to this case.
Having established that the use of the guidelines was appropriate in this case to determine disability, we now address Ms. Bonner’s second argument that the hearing officer misapplied the medical-vocational guidelines mies. The guidelines may be used only when each variable on the appropriate “grid” accurately describes the individual’s situation. 20 C.F.R. § 416.969; 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a). Because Ms. Bonner’s residual functional capacity is limited to sedentary work, the applicable mies are found under § 201.00 and the corresponding Table No. 1. 20 C.F.R. Part 404, Subpart P, Appendix 2. The hearing officer applied rule 201.07 which lists advanced age, education, and previous work experience as its variables. Ms. Bonner meets the age and education variables under both mies 201.06 and 201.07 of Table No. 1 because she is a person of advanced age (55 and over) and has a high school education. She was appropriately categorized as being skilled or semi-skilled, pursuant to her education and 20 C.F.R. § 416.964. However, the hearing officer applied rale 201.07 without making any finding regarding the transferability of Ms. Bonner’s skills. We agree with Ms. Bonner that the pivotal issue in this case is the transferability of her skills because if her skills are not transferable, the guidelines under rule 201.06 direct a finding of disabled. 20 C.F.R. Part 404, Sub-part P, Appendix 2, § 201.06.
“Transferable skills” mean that a person has skills that can be used in other jobs when the work activities done in past work can be used to meet the requirements of other jobs. 20 C.F.R. § 416.968(d)(1). However, in order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), the regulations require that there be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(f). If a person is close to retirement age (60-64) and has a severe impairment, that person is not considered to be able to adjust to sedentary or light work unless the individual has skills which are highly marketable. 20 C.F.R. § 416.963(d). In the absence of the hearing officer’s de *883 tailed evaluation of the criteria and questions under the regulations, we are unable to provide adequate appellate review of the decision made below. See Scordas, 649 So.2d at 897 (this court frequently has been required to reverse because the order failed to contain sufficiently detailed findings and evaluations of criteria under various regulations); Carosharo v. Department of Health and Rehabilitative Services, 598 So.2d 302 (Fla. 1st DCA 1992).
Because we cannot ascertain whether the hearing officer properly followed the regulations relevant to the inquiry of transferability of skills, the order is REVERSED, and the cause is REMANDED to the hearing officer for further consideration consistent with this opinion.
ERVIN and BENTON, JJ., concur.