PER CURIAM.
John Muckenthaler appeals a final administrative order denying his application for Medicaid disability benefits on the basis that he is not disabled. We reverse because the hearing officer for the Department of Children and Families erred in determining that none of Muckenthaler’s several conditions, individually or in combination, could be considered severe.
Muckenthaler filed an application for SSI-Related MEDS benefits. Because he did not meet the age criteria to qualify for benefits, the Department performed a disability assessment. Muckenthaler completed a Disability Report in which he complained of constant headaches, popping in ears, tension in neck and shoulders, scoliosis, a lower back problem, glass in fingers, and hip and neck injuries that *363 caused constant muscle spasms. He reported a lower back strain in 1988, a neck injury with a concussion and injured “c-spine” in 1989, a hip and arm injury in 1993, injuries resulting from being assaulted in his car in 1996, and a neck and jaw injury in 1997. He reported his prior work as a carpenter, framing houses, from 1972 to 1993.
The Office of Disability Determinations reviewed medical records and concluded that Muckenthaler’s condition was not severe enough to be considered disabling. Muckenthaler then requested and received an administrative hearing before a state hearing officer. The hearing officer took testimony from Muckenthaler and entered a final order denying the claim.
In the order, the hearing officer found, among other things, that Muckenthaler suffered a neck injury in 1989. There was some misalignment of his spine. He injured his hips in 1994, and he experiences pain in his hips that radiates to his legs. He sustained facial injuries and a broken jaw when he was assaulted and beaten with a club on his face and knee in 1996. As a result, he has headaches, backaches, neck pain, and suffers from temporoman-dibular joint syndrome. Pursuant to a psychological evaluation, he was diagnosed with adjustment disorder with depressed mood. The hearing officer also found, however, that Muckenthaler was not disabled because he retained the abilities and aptitudes for most jobs and his pain had not restricted his activities of daily living.
In reaching the conclusion that Mucken-thaler was not disabled, the hearing officer employed the five-step analysis set forth in 20 C.F.R. § 419.920. The five steps require answers to the following questions:
(1) Is the claimant presently unemployed?
(2) Is the claimant’s impairment severe?
(3) Does the claimant’s impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?
See Gagliardi v. Department of Health and Rehab. Serv., 693 So.2d 1022 (Fla. 2d DCA 1997). An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. See Scordas v. Department of Health and Rehab. Serv., 649 So.2d 894 (Fla. 1st DCA 1995). A negative answer to any question, other than step three, leads to a determination of “not disabled.” Id. Steps one and two are threshold inquiries with the most significant step in the sequential evaluation beginning at step three. Id. Even if there is a negative answer to step three, the hearing officer must go on to step four and step five and evaluate the claimant’s ability to perform his former occupation or any other work within the national economy. Id.
The hearing officer ended the analysis at step two after determining that none of Muckenthaler’s several conditions, individually or in combination, could be considered “severe.” We find error with this determination.
In McDaniel v. Bowen, 800 F.2d 1026 (11th Cir.1986), the court reversed a denial of SSI benefits because an administrative law judge misapplied step two of the five-step analysis by requiring the claimant to meet a higher burden than required. The court explained that step two is a threshold inquiry that allows only claims based on the most trivial impairments to be rejected. Id. at 1031. “The claimant’s burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual’s ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.” Id.
*364 The evidence and the hearing officer s own findings do not support the legal conclusion that Muckenthaler failed to meet his burden at step two of the analysis. Because the evidence shows that Mucken-thaler had met his threshold burden of showing a severe impairment, the hearing officer prematurely ended the analysis of the claim. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and BLUE and FULMER, JJ., Concur.