554 So.2d 1202 (1989)
Richard WALKER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-372.
District Court of Appeal of Florida, First District.
December 29, 1989.
Mark K. Haydu, Pensacola, for appellant.
Rodney M. Johnson, Pensacola, for appellee.
ERVIN, Judge.
Appellant appeals from the denial of his application for benefits under the "medically needy program" authorized by Section 409.266(7)(k), Florida Statutes (1987). We reverse.
The facts of this case are set forth in our earlier opinion, Walker v. Department of Health & Rehab. Servs., 533 So.2d 836 (Fla. 1st DCA 1988) (Walker I). In that case, we vacated the hearing officer's denial of appellant's application and remanded to enable the hearing officer to articulate her findings regarding appellant's impairments under the five-step sequential evaluation set forth in the Code of Federal Regulations (CFR).[1]Walker I, 533 So.2d at 839-40. The hearing officer found on remand *1203 that none of appellant's various impairments, either considered singularly or in combination, was "severe" and that appellant's residual functional capacity was not significantly reduced. Therefore, the hearing officer concluded that appellant was not disabled and denied his application. We disagree.
Appellant has made a sufficient showing of disability under the sequential test. His uncontradicted evidence showed that he was not currently employed, that his impairments were "severe" within the meaning of the Walker I definition,[2] and although none of appellant's impairments was of the degree necessary for a finding of disability under the CFR tables,[3] appellant's doctor indicated that appellant could no longer do the tasks necessary to perform his previous occupation.
Appellant having thus established a prima facie case of entitlement, the burden shifted to The Department of Health and Rehabilitative Services (HRS) to show that appellant was either capable of performing his former occupation or alternate work available in the national economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981). HRS failed to produce any evidence that appellant could perform his former occupation and failed to identify any job available in the national economy that appellant could perform. Thus, HRS failed to sustain its burden and appellant is entitled to the benefits requested.
The appealed order is REVERSED and the cause REMANDED with directions that appellant's application for benefits be granted.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] See 20 C.F.R. § 416.920 (1989).
[2] See Walker I, 533 So.2d at 837 (citing with approval McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir.1986)).
[3] See 20 C.F.R. Part 404, Subpart D, Appendix 1 (1989).