633 So.2d 1185 (1994)
Louis EDLIN, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 93-115.
District Court of Appeal of Florida, First District.
March 24, 1994.
*1186 Robert Bencivenga, Jacksonville Area Legal Aid, Inc., Jacksonville, for appellant.
Patricia L. Parker, Dept. of Health and Rehabilitative Services, Jacksonville, for appellee.
PER CURIAM.
This is an appeal from an order of the Department of Health and Rehabilitative Services ("HRS") denying Medically Needy benefits. Because the hearing officer's application of the five step sequential evaluation process is not sufficiently detailed to enable us to review the conclusion reached in this case, we reverse and remand.
Florida's Medically Needy Program, authorized by section 409.266(7)(k), Florida Statutes, is designed to provide Medicaid benefits to people who meet certain income guidelines and are aged, blind, or disabled. Walker v. HRS, 533 So.2d 836 (Fla. 1st DCA 1988) ("Walker I"). This claim is based on disability.
Florida's definition of disability is similar to the definition of disability in the Supplemental Security Income (SSI) regulations. HRS uses SSI criteria in evaluating claims for benefits. Id. Evaluation of a disability claim involves use of a five step sequence derived from 20 C.F.R. § 416.920, and basically entails answering the following questions:
(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation? ...
(5) Is the claimant unable to perform any other work within the economy?
Id. at 837 citing McDaniel v. Bowen, 800 F.2d 1026 (11th Cir.1986).
When appellant applied for Social Secuty Disability Benefits, he was 64 years old. Although the record is somewhat unclear on the exact date, it appears he has not worked at his former occupation as an automobile salesman since 1984. The basis for the claim of inability to work was: asthma, enlarged prostate, high blood pressure, bad lungs, ruptured stomach, and arthritis. The examining physician, Dr. Porcase, had reported:
It is my impression that this patient is fully and totally disabled. He is not now nor will he ever be capable of performing any useful or gainful activity. The man suffers from advanced acute and chronic asthma and chronic obstructive pulmonary disease. In addition, he is steroid dependant and needs to have continued, aggressive respiratory treatment, hypertensive management, but I do not see at this present time nor in the future this patient becoming a member of the work force even in a sedentary activity.
The Office of Disability Determinations denied appellant's claim in September, 1992, for the following reasons:
Although you have asthma and problems with your lungs, special testing shows that your breathing is satisfactory for most daily activities. Your high blood pressure can be controlled with medication and by following your doctor's advice. Although you have arthritis, medical records show there is no evidence of severe muscle weakness or nerve damage. You can stand and walk unassisted and have the full use of your arms and hands. A careful review of the medical records shows that you have the capacity to return to your prior work as an automobile salesman. Consequently, your claim is denied.
*1187 Appellant requested and was granted a hearing before an Office of Public Assistance Appeals hearing officer. He testified that he can no longer work as a car salesman because he can hardly walk, he can't breathe, and he has to go to the bathroom eight to ten times a day. He said he is blind in his left eye because the medication he takes causes cataracts, and his vision is very blurred. There was also testimony he has colitis and a bleeding ulcer.
In the findings of fact in the final order, the hearing officer outlined the five-step sequential procedure for determining if an individual is disabled for purposes of Medically Needy assistance. He found that appellant met the first step because he is not employed. He met the second step because he is:
significantly limited in work activities. He has chronic asthma and chronic obstructive pulmonary disease, plus steroid dependency and hypertension.
The hearing officer then addressed steps three through five:
At this point, the consulting physician concluded that Mr. Edlin is "fully and totally disabled." Further steps in the disability review process are required. If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or a combination of impairments that is equal to a listed impairment, you will be found disabled without considering your age, education and work experience. Your combination of impairment(s) do not meet this criteria and further evaluation is required. If your impairment(s) prevent you from doing past relevant work and the agency cannot make a decision based on your current work activity or on medical facts alone, then a review of your residual functional capacity (RFC) must be completed and evaluated to determine whether you can do other work.
The Residual Physical Functional Capacity Assessment (RFC) reflected a primary diagnosis of asthma and a secondary diagnosis of arthritis. It also indicated that on breathing tests, appellant had readings of FEV (forced expiratory volume) 1.5, and MVV (maximum voluntary ventilation) 41, and that he is blind in his right eye and has 20/30 vision in his left eye.
In the order, the hearing officer set forth an excerpt from the RFC which explained why the conclusions of the medical consultant, who put together the RFC, differed from those of the examining physician:
1. The vendor, F. Porcase D.O. stated that it was his impression client is fully and totally disabled. Vendor states client cannot and will never be able to perform gainful activity... .
2. Vendor has based his decision on client's chronic asthma and chronic obstructive pulmonary disease, plus steroid dependence and hypertension... .
1. However, per SSI regulations, client must have FEV of 1.2 or less and MVV of 48 or less for his height and weight. Client's best corrected FEV is 1.5 with MVV of 41. Therefore, client does not meet the listing of COPD. [chronic obstructive pulmonary disease]
2. Vendor stated that client needs aggressive respiratory treatment, HTN management. The PFT shows improvement with post bronchial treatment of COPD, and HBP can be expected to be controlled with proper meds and by following A/P instructions. The vendor has expressed an opinion reserved to the secretary and all objective medical evidence has been considered.
In his conclusions of law, the hearing officer stated that someone less than 65 years of age must meet the test appearing in 20 C.F.R. § 416.905:
The law defines disability as the inability to do any substantial gainful activity by reason of any medical determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy... .
*1188 The hearing officer concluded that the preponderance of the evidence did not prove appellant was disabled.
Appellant contends that although the hearing officer accurately set forth the review process, it is not clear that the hearing officer applied the five step analysis properly. Appellant asserts the Office of Disability Determination and the hearing officer erred in relying solely on one test result which at best was inconclusive as to whether appellant met the Appendix 1. listing, and disregarding other evidence, including the examining physician's opinion, and the hearing officer erred in not considering the combined effects of all the impairments.
In this case, as in Fricker v. HRS, 606 So.2d 446 (Fla. 1st DCA 1992) and Walker v. HRS, 533 So.2d 836 (Fla. 1st DCA 1988), the hearing officer did not apply the five step sequential evaluation clearly and in sufficient detail to enable us to review the order. The hearing officer found appellant met step one in that he is not employed, therefore he is not engaged in substantial gainful activity. The hearing officer also found appellant met step two in that he is significantly limited in work activities because of his chronic asthma and chronic obstructive pulmonary disease, steroid dependency, and hypertension. Step two involves a threshold inquiry; the most significant part of the sequential evaluation begins with step three. Id. at 837.
At step three, a determination is made whether claimant's impairment meets or is medically equivalent to an impairment listed in Appendix 1.[1] In the instant case, the hearing officer merely concluded, "your combination of impairments do not meet this criteria." We cannot determine from the order whether this conclusion was based solely on claimant's FEV rating, which exceeds the rating in Appendix 1. The hearing officer did not explain why claimant's combination of impairments is not equivalent to an impairment under Appendix 1; it is not clear what combination of impairments he considered.
If there is a negative answer to step three, the evaluation is not concluded; the hearing officer must go on to step four or step five, "under which an evaluation would be made regarding the claimant's ability to perform his or her former occupation or any other work within the national economy." Id. at 837.
Step four involves a determination of whether the claimant can engage in his or her past relevant work.... If so, the claimant will not be found disabled. If, however, the claimant is found unable to engage in his or her past relevant work, the decision-maker moves to step five involving the determination of the claimant's residual functional capacity and his or her age, education and past work experience, in order to evaluate whether there are other jobs existing in the national economy that the claimant can perform.
Fricker v. HRS, 606 So.2d 446, 447 (Fla. 1st DCA 1992). Fricker and Walker v. HRS, 554 So.2d 1202 (Fla. 1st DCA 1989) ("Walker II") indicate that at this point, the burden shifts to HRS "to show appellant was either capable of performing his former occupation or alternate work available in the national economy." Id. at 1203.
Although it is unclear, it appears the hearing officer may have determined under step four that appellant had shown he was unable to return to past relevant work. He said: "If your impairment(s) prevent you from doing past relevant work and the agency cannot make a decision based on your current work activity or on the medical facts alone, then a review of your residual functional capacity (RFC) must be completed and evaluated to determine whether you can do other work."
The hearing officer's review of the RFC consisted of restating the results of the FEV and MVV tests, and reiterating the reviewing physician's report that appellant's pulmonary function improves with treatment, and his hypertension can be managed with medication. He said nothing about how these factors affect appellant's ability to perform any other work within the national economy, nor did he address other problems appellant has, such as arthritis and poor vision. He said nothing about appellant's age, education and past work experience.
*1189 "In the absence of the hearing officer's detailed evaluation of the criteria and questions under the cited regulations, we are unable to provide adequate appellate review of that decision." Carosharo v. HRS, 598 So.2d 302 (Fla. 1st DCA 1992).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.
NOTES
[1] There is apparently no question that appellant meets the durational requirement.