686 So.2d 743 (1997)
Marie MAZZONI, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, District: 06 Manatee, Unit: 88559, Appellee.
No. 95-04345.
District Court of Appeal of Florida, Second District.
January 10, 1997.
*744 William H. Meeks, Jr., of Schofield & Spencer, P.A., Bradenton, for Appellant.
Raymond R. Deckert, Tampa, for Appellee.
PATTERSON, Judge.
Marie Mazzoni appeals from the final order rendered by the Department of Health and Rehabilitative Services (HRS) which denies her application for benefits from Florida's Medically Needy Program. Because the hearing officer failed to fully consider the sequential evaluation set forth in 20 C.F.R. § 416.920 (1994), we reverse and remand for further proceedings.
Mazzoni has been treated for depression and anxiety disorders since 1958. She has been under the constant care of a psychiatrist since 1982. On November 4, 1994, Mazzoni filed an application with HRS to receive Medically Needy Program benefits because *745 of her depression, anxiety, and a hernia condition. HRS denied the application on the ground that Mazzoni did not meet the disability eligibility requirements. Mazzoni requested an administrative hearing, which was held on September 14, 1995.
At the hearing, Mazzoni testified that she was sixty years old and that she worked as an electronics buyer from 1972 until 1983 when she had a nervous breakdown. She was without work for about a year. She worked as a cashier/hostess at two restaurants from December 1984 until November 1994, but had to give up her job because the responsibility of handling money caused her to have panic attacks and to faint. She also had trouble dealing with people. Mazzoni further testified that she has a thirty-year-old mentally handicapped son who lives with her and adds to her depression. When her depression is most severe, she is unable to perform even simple tasks of daily living. She is paralyzed by fear and guilt and has no social life. She has trouble sleeping and has heart palpitations. In addition, she has a hernia which needs surgery that she cannot afford. Mazzoni discussed her problems with her psychiatrist, Dr. Teresa B. Vereb, who agreed that she should quit work. At the time of the hearing, she had not worked for approximately one year.
Richard Lee Belsham, Ph.D., performed a psychological evaluation of Mazzoni at HRS's request. Dr. Belsham reported that Mazzoni's "[p]erception, insight and judgment all appeared normal," and that "[h]er thoughts were generally organized, content was relevant, and had no delusional thinking, paranoid ideation or hallucinations." However, he found that Mazzoni did have problems of concentration and attention, suffered from Bipolar Disorder-Depressed as well as Panic Disorder, and has self-esteem problems. He concluded that her prognosis was poor given the chronic nature of her condition and her history of unsuccessful treatment.
Dr. Vereb stated in a letter that in her opinion Mazzoni was "totally disabled and unable to work," due to her "major mental depression and panic disorder." Dr. Vereb further stated that Mazzoni was being seen for psychotherapy every four to six weeks and that she is on psychotropic medications.
Mazzoni offered no medical evidence to support her allegations of having a hernia and her inability to lift or bend. Therefore, the hearing officer did not make a finding as to her physical limitations. The hearing officer did find that Mazzoni's mental problems did not render her totally disabled. She entered a final order denying Mazzoni's appeal and affirming HRS's action to deny benefits.
The Medically Needy Program provides Medicaid benefits to people who meet certain income guidelines and are aged or disabled. § 409.903(1), Fla. Stat. (1993); Edlin v. Department of Health & Rehab. Servs., 633 So.2d 1185 (Fla. 1st DCA 1994); Walker v. Department of Health & Rehab. Servs., 533 So.2d 836 (Fla. 1st DCA 1988). Florida Administrative Code Rule 10C8.012(30)(1994) defines disability as:
The inability to engage in any substantial gainful activity due to a medically determinable physical or mental impairment. The impairment must be expected to result in death, or have lasted or be expected to last for at least 12 months.
HRS also uses the definition of disability and the criteria in evaluating claims in the federal Supplemental Security Income (SSI) regulations in 20 C.F.R. § 416.905 (1994). Walker, 533 So.2d at 837. HRS follows the five-step analysis in 20 C.F.R. § 416.920 (1994) to evaluate whether a claimant is entitled to benefits:
(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former job?
(5) Is the claimant unable to perform any other work within the economy?
McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir.1986) (footnote omitted).
The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence *746 of a medically severe impairment. Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The claimant must then demonstrate that the impairment is one within the listing of impairments in 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment is not conclusively severe under the criteria set forth in the listing of impairments, step three is not satisfied and the claimant must prove at step four that the impairment prevents her from performing her past work. 20 C.F.R. § 404.1520(e) (1994).
It is not the function of the appellate court to determine de novo whether the claimant is disabled. The court may only set aside the hearing officer's determination which is based upon legal error or not supported by substantial evidence. McDaniel, 800 F.2d at 1029. The hearing officer determined that Mazzoni met steps one and two of the analysis. However, the hearing officer found that Mazzoni did not meet step three of the test because she did not qualify under either of the relevant sections in 20 C.F.R. § 404, Subpt. P, App. 1., specifically section 12.04, entitled "Affective Disorders," or section 12.06, entitled "Anxiety Related Disorders." The hearing officer's order does not mention whether she considered Mazzoni's depression and anxiety problems in combination. If a claimant has more than one impairment but those impairments individually do not meet or equal the severity of any of the listed impairments, then the impairments should be evaluated in combination. 20 C.F.R. §§ 416.922(b) & 416.923 (1994). See Walker v. Department of Health & Rehab. Servs., 533 So.2d 836 (Fla. 1st DCA 1988).
Further, individuals who have a severe impairment that does not meet the criteria of the listings for mental disorders may still not have the "residual functional capacity" to engage in substantial gainful work activity. 20 C.F.R. § 404, Subpt. P App. 1, § 12.00. When a claimant has a mental impairment, the hearing officer must obtain a precise description of the particular job duties which are likely to produce tension and anxiety to determine whether the claimant's mental impairment is compatible with the performance of such work. Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir.1996). Thus, even if there is a negative answer to step three, the hearing officer must go on to steps four and five and evaluate the claimant's ability to perform her former occupation or any other occupation.
In step four of the analysis, the hearing officer made no inquiry into the mental demands of Mazzoni's past relevant work. Rather, the hearing officer merely stated that Mazzoni's previous work experience as a cashier and hostess in a restaurant were listed as "light work" in the Dictionary of Occupational Titles. The hearing officer further stated that Mazzoni "should have" the residual functional capacity to do at least light work and concluded that she "should" be able to return to her past relevant work. There is no evidence in the record to support this conclusion. The hearing officer based her conclusions entirely on Mazzoni's apparent ability to care for her daily needs without regard to how she would perform under different stresses in the workplace.
A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time.
Singletary v. Bowen, 798 F.2d 818, 822 (5th Cir.1986). No record evidence supports the hearing officer's finding that Mazzoni could perform her prior job for a significant period of time.
Mazzoni's uncontradicted evidence showed that she was not currently employed and that her impairments were severe. Not only did Mazzoni's psychiatrist indicate that Mazzoni could no longer perform her previous occupation, but HRS's psychologist concluded that Mazzoni's prognosis is poor. Although a hearing officer need not necessarily accept a treating physician's conclusory statement that a claimant is totally disabled, a substantially uncontested opinion of a treating physician should not be overlooked. Fricker v. Department of Health & Rehab. Servs., 606 So.2d 446 (Fla. 1st DCA 1992).
*747 Mazzoni set forth a prima facie case of entitlement. Thus, the burden shifted to HRS to show that Mazzoni was capable of performing either her former occupation or alternate work available in the national economy. Walker v. Department of Health & Rehab. Servs., 554 So.2d 1202 (Fla. 1st DCA 1989). Since the hearing officer determined under step four that Mazzoni could perform her prior occupation, she did not consider step five of the analysis.
Accordingly, we vacate the final order and remand to the hearing officer for further consideration of the evidence under the five-part analysis.
Reversed and remanded.
THREADGILL, C.J., and SCHEB, JOHN M., (Senior) Judge, concur.