705 So.2d 1067 (1998)
Rose SNYDER, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY DISTRICT V, PINELLAS UNIT: 89262, Appellee.
No. 97-2098.
District Court of Appeal of Florida, First District.
February 23, 1998.
*1068 John E. Dubrule, John P. Cunningham, and Edwina Maxwell, Gulfcoast Legal Services, Inc., St. Petersburg, for Appellant.
Kathleen R. Harvey, Assistant District Legal Counsel, Department of Children and Families District Five, Largo, for Appellee.
PER CURIAM.
Rose Snyder appeals a final administrative order denying her application for Medicaid benefits through the State of Florida's Medically Needy Program. We must reverse because the hearing officer for the Department of Children and Families did not sufficiently address all of the factors that must be considered in evaluating the application.
Although the order purports to follow the five-step analysis of 20 C.F.R. § 416.920 to determine disability, it lacks detail as to step three of the analysis. The hearing officer summarily concluded that none of the appellant's individual conditions met any impairment listing but did not evaluate the impairments in combination, as required by the regulations. Without any express rationale the order simply states, "[t]he listings were reviewed and the evidence does not support the meeting of a listed level of impairment individually or in combination." This summary conclusion is insufficient to allow this Court to review the denial of benefits. Compare Scordas v. State Dept. of Health and Rehabilitative Services, 649 So.2d 894 (Fla. 1st DCA 1995); Edlin v. Dept. of Health and Rehabilitative Services, 633 So.2d 1185, 1188 (Fla. 1st DCA 1994); Walker v. Department of Health and Rehabilitative Services, Dist. I, Escambia County, Medically Needy Unit No. 12, 533 So.2d 836, 839 (Fla. 1st DCA 1988).
The order also fails to contain any evaluation of step five of the required analysis. In Walker, supra, we explained that, if the hearing officer proceeds to steps four and five, it is incumbent on the hearing officer to determine what sort of work the claimant is capable of doing under 20 C.F.R. §§ 416.960 et seq. Walker, 533 So.2d at 839. We also explained that the hearing officer must compare the claimant's impairments, under 20 C.F.R. § 416.926, to the applicable sections of the listing of impairments to determine whether the claimant's symptoms are medically equivalent to any of those sections. Id. The hearing officer's failure to do either of these things in the present order constitutes reversible error. See Walker.
Likewise, the order does not address the appellant's age, education and work experience, as required in step five. Rather, the hearing officer merely listed these factors and, in the next sentence, concluded that the appellant was not disabled. The order does not explain how these factors affect the appellant's ability to perform any other work within the national economy. Such a summary conclusion without supporting rationale is insufficient to allow meaningful review under Edlin, supra, at 1188-89.
Finally, the order fails to explain why the hearing officer apparently rejected the opinions of the treating physicians. Without comment, the order recites the opinion of Dr. Shaimart Boriachi, M.D., that the appellant was unable to work due to anxiety, hiatal hernial, hepatitis C and arthritis. It fails altogether to mention the additional opinions of Dr. Laura Harper, internist, that the appellant was totally disabled and that of Dr. *1069 Belur Sreenath that she would be unable to do any strenuous work.
Under controlling federal case law, the agency must give considerable and substantial weight to the opinions of treating physicians. See Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir.1985); Smith v. Schweiker, 646 F.2d 1075, 1081 (5th Cir. 1981); Ortega v. Chater, 933 F.Supp. 1071, 1074-75 (S.D.Fla.1996). Failure to credit these opinions must be accompanied by a showing of good cause. See Ortega 933 F.Supp. at 1075; Smith at 1081; Broughton at 961-62. In the present case, the hearing officer failed to give any rationale for disregarding the opinions of Drs. Sreenath, Harper, and Boriachi. This was error.
For these reasons, we reverse and remand the case to the Department. On remand, the hearing officer shall issue an order evaluating whether a combination of the appellant's impairments satisfies her burden under step three of the analysis of 20 C.F.R. § 416.920. In addition, the hearing officer shall determine what sort of work the appellant is capable of doing under 20 C.F.R. §§ 416.960 et seq. and shall compare the appellant's impairments under 20 C.F.R. § 416.926 to the applicable sections of the listing of impairments to determine whether her symptoms are medically equivalent to any of those sections, in accordance with Walker, supra. The order on remand must also contain an evaluation of how the appellant's age, education and work experience affect her ability to perform any other work within the national economy. Finally, the order must either give controlling weight to the opinions of the appellant's treating physicians or give good cause why the hearing officer rejects those opinions.
Reversed and Remanded.
BOOTH, BENTON and PADOVANO, JJ., concur.