743 So.2d 564 (1999)
Debra HOWSON, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 98-2888.
District Court of Appeal of Florida, Fifth District.
August 27, 1999.
*565 Debra Howson, Palm Coast, pro se.
Ellen D. Phillips of Ellen D. Phillips, P.A., DeLand, for Appellee Department of Children and Families.
W. SHARP, J.
Debra Howson appeals from a final administrative order denying her application for benefits through the State of Florida's Medically Needy Program.[1] The hearing officer concluded that Howson was not "disabled" and therefore not entitled to benefits. However, his order lacks the specificity we require for meaningful appellate review. In addition, the hearing was rescheduled to an earlier date without adequate notice and Howson was unprepared to proceed. For these reasons, we *566 reverse the order below and remand for a new hearing.
Howson is a 38-year-old, Massachusetts attorney currently living in Florida.[2] She has a history of depression, alcoholism, liver damage, heart problems and other medical conditions. For several years prior to September 1995, Howson worked in the legal field. However, for the next two years, Howson received disability benefits from a private insurance company. During this time, she attempted suicide, was committed pursuant to Florida's Baker Act, and her one-month old infant died from an infection. From August 1 to August 12, 1997, Howson was hospitalized. This hospital bill amounted to $25,000. Howson had lost her health insurance benefits because she was no longer working.
Howson filed a request for assistance, claiming that she was disabled from October 1995 through the fall of 1997. Specifically, Howson sought benefits for the time of her hospital stay in August 1997. The Department concluded that she was not disabled and denied her benefits.
Howson appealed and a hearing was held on July 29, 1998 before James Abdur-Rahman from the Department of Public Assistance Appeals. Howson complained that the hearing had been scheduled for another time and that she was only given a few hours notice of this hearing. Howson also claimed that she did not know the Department's reason for the denial of benefits and whether the Department had received or reviewed all of her medical records. Apparently this was a legitimate concern as the hearing officer left the record open for thirty days for the submission of any other medical records.
The hearing officer later denied Howson's appeal. He concluded that although Howson's impairments during this period were severe, they did not meet or equal a listed impairment as required by the Social Security Act,[3] and they did not prevent her from doing any sedentary type work in the national economy.
Florida's Medically Needy Program provides medical benefits to individuals and families who meet certain guidelines and are aged, blind or disabled. Scordas v. State of Florida, Department of Health and Rehabilitative Services, 649 So.2d 894 (Fla. 1st DCA 1995); Edlin v. Department of Health and Rehabilitative Services, 633 So.2d 1185 (Fla. 1st DCA 1994); Walker v. Department of Health and Rehabilitative Services, 533 So.2d 836 (Fla. 1st DCA 1988). In evaluating claims for these benefits, the Department uses all relevant Supplemental Security Income (SSI) definitions. Scordas; Edlin; Walker.
Under the Supplemental Security Income program, disability is defined as follows:
The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy. To determine whether you are able to do any other work, we consider your residual functional capacity and your age, education, and work experience....
20 C.F.R. § 416.905(a).
The Department utilizes the five-step analysis set forth in 20 C.F.R. § 416.920 to determine whether the claimant is disabled and thus entitled to benefits under the Medically Needy Program. *567 Scordas; Edlin; Walker. The five-step analysis involves the following inquiries:
(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App.1?
(4) Is the claimant unable to perform his or her former occupation? ...
(5) Is the claimant unable to perform any other work within the economy?
Scordas; Edlin; Walker.
Under step three, considered to be the most significant step, evidence of the claimant's impairments is compared to a list of impairments presumed severe enough to preclude any gainful work. Maggard v. Apfel, 167 F.3d 376 (7th Cir. 1999). A claimant will be found to be disabled if he or she has an impairment that is listed or equal to a listed impairment. If a claimant has more than one impairment but those impairments individually do not meet or equal the severity of any of the listed impairments, then the impairments must be evaluated in combination. Scordas; Walker. A negative answer to this step does not lead to a determination of no disability. Rather, the hearing officer must proceed with either step four or five, under which an evaluation is made regarding the claimant's ability to perform his or her former occupation or any other work within the national economy. Scordas; Walker.
The hearing officer in the present case purported to use this sequential step review. For step one, the hearing officer noted that Howson is currently working but during the period for which she is requesting assistance, she was not working. For step two, the hearing officer found that Howson has a primary diagnosis of affective disorder and a secondary diagnosis of cirrhosis. These conditions limited her ability to do basic work activities and are considered to be severe. For step three, the hearing officer concluded as follows:
The third step is to determine whether or not the individual's impairment(s) meets or equals a listed impairment in Appendix 1 of the Social Security Act. The listings at 3.00 "Respiratory System", 3.00 "Respiratory System", 4.00 "Cardiovascular System", 5.00 "Digestive System", 7.00 "Hemic and Lymphatic System", and 12.00 "Mental Disorders" were reviewed and it is concluded that the petitioner's impairment(s) do not meet or equal a listed impairment either individually or in combination and is not medically equivalent to a listing.
The hearing officer combined steps four and five. He noted that Howson was previously employed as an attorney, a sedentary type of work, and that the medical evidence did not support a determination that her conditions were severe enough, at least for one year, to prevent her from doing any type of sedentary work in the national economy.
The summary conclusions of steps three, four and five are insufficient for our review. In step three, the hearing officer merely states that Howson's impairments do not meet or equal a listed impairment, either individually or in combination. There is no reference to any factual findings, any evidence in the record, or any rationale for rejecting her claim that she was disabled. Steps four and five do not contain any findings or discussion about Howson's specific impairments other than the fact that she is an attorney, which is considered to be sedentary work. There is also no discussion or analysis as to the jobs Howson could have performed given her condition during the applicable time period.
The hearing officer does refer to Howson's diagnosis of affective disorder and cirrhosis, to her hospitalization in August 1997, her Residual Functional Capacity Report, and a letter in which she states that she made several suicide attempts. *568 However, the hearing officer does not relate any of this evidence to his conclusions. Without a detailed evaluation of the criteria and evidence, it is impossible for us to determine whether Howson's claim was properly evaluated. See, e.g., Snyder v. Florida Department of Children and Family, District V., 705 So.2d 1067 (Fla. 1st DCA 1998) (order denying Medicaid application which stated that the listings were reviewed and the evidence does not support the meeting of a listed level of impairment individually or in combination, was insufficient to allow the court to review denial of benefits); Manning v. State of Florida, Department of Children and Families, 704 So.2d 127 (Fla. 1st DCA 1997) (order denying benefits reversed where the hearing officer failed to include any factual findings, any reference to competent substantial evidence in the record, any reasons for rejecting the claimant's evidence or any other rationale to support his conclusion that claimant's impairments do not meet or equal a listed impairment);[4]Scordas ( order reversed where hearing officer's summary conclusion that the evidence did not show that the claimant's impairments meet or equal a listed impairment did not include any factual findings, any reference to competent and substantial evidence in the record, any reason for rejecting the claimant's evidence or any other rationale to support that conclusion); Edlin (order reversed where hearing officer did not explain why claimant's combination of impairments was not equivalent to an impairment and it was not clear what combination of impairments was considered); Walker (order reversed where court unable to determine from the final order whether the hearing officer properly applied the regulations, including the sequential evaluation).
However, the Department contends Howson cannot be considered "disabled" as a matter of law because her conditions all stem from alcoholism. Effective March 29, 1996, the Social Security Act was amended to eliminate alcoholism as a basis for obtaining disability insurance and supplemental social security income benefits. See Adams v. Apfel, 149 F.3d 844 (8th Cir.1998); Newton v. Chater, 92 F.3d 688 (8th Cir.1996). 42 U.S.C. § 423(d)(2)(c) provides that "an individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the commissioner's determination that the individual is disabled." The key factor in determining whether alcoholism is a "contributing factor" is whether the claimant would still be found disabled if he or she stopped using alcohol. Marshall v. Apfel, 182 F.3d 926 (C.A.9th Cir.1999) (unpublished disposition); Jackson v. Apfel, 162 F.3d 533 (8th Cir.1998).
Howson herself has admitted that she is an alcoholic. However, the effect of alcoholism on the finding of disability was not discussed at the hearing[5] nor are there any references to this in the final order. If Howson is to be denied benefits because of alcoholism, that should be clearly stated in the order. See Marshall(order denying SSI benefits reversed where claimant was not given an opportunity to present evidence and administrative law judge did not consider whether claimant would be found disabled if she stopped using alcohol).
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] § 409.904, Fla. Stat.
[2] At the time of the hearing, Howson had not yet passed the Florida Bar and was working as a law clerk earning $1,200 per month.
[3] 42 U.S.C. 401, et. seq.
[4] In Manning, the same hearing officer presided as in this case.
[5] Had she known that alcoholism would preclude a finding of disability, Howson could have presented evidence to document other medical conditions.