799 So.2d 1103 (2001)
Allen AXILROD, Appellant,
v.
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 4D01-1885.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
*1106 Allen Axilrod, Port St. Lucie, pro se.
Laurel Hopper, Department of Children and Family Services, Ft. Pierce, for appellee.
ALTONAGA, CECILIA M., Associate Judge.
This is an appeal from a final order of the Office of Appeal Hearings of the State of Florida Department of Children and Families (Department), affirming action denying appellant, Allen Axilrod, Medicaid benefits through the Department SSI-Related Medicaid Program[1] on the basis that appellant does not meet required disability criteria. The issues raised on appeal are whether the hearing officer's findings are supported by competent substantial evidence and whether he properly applied sequential evaluation criteria to deny benefits. For the reasons that follow, we reverse.
On October 31, 2000, appellant, a fortyeight year old dump truck driver, was involved in a motor vehicle accident and was admitted to St. Lucie Medical Center where he was treated for a complex fracture and dislocation to his right hip. Appellant's treating physician, Dr. Moore, referred appellant to Tampa General Hospital where he later had surgery on his right hip, right knee and right leg. A plate and screws were inserted to hold the fracture in appellant's leg in place. A small fragment fracture was also located in appellant's neck at the C4 vertebrae. Appellant was taking Percoset, a painkiller, and was seeing an orthopedic specialist, Dr. DePasquale.
On November 9, 2000, appellant applied for SSI Related Medicaid Program benefits. Florida's Medicaid Program is designed to provide Medicaid benefits to individuals and families who meet certain guidelines and are aged, blind or disabled, but are otherwise ineligible either for AFDC or Supplemental Security Income (SSI) programs. See Scordas v. State, Dep't of Health & Rehabilitative Servs., 649 So.2d 894, 895 (Fla. 1st DCA 1995); Walker v. Dep't of Health & Rehabilitative Servs., 533 So.2d 836 (Fla. 1st DCA 1988) (Walker I), appeal after remand, 554 So.2d 1202 (Fla. 1st DCA 1989)(Walker II). Florida's definition of disability is similar to the definition of disability in the SSI regulations. See Edlin v. Dep't of Health & Rehabilitative Servs., 633 So.2d 1185, 1186 (Fla. 1st DCA 1994). In evaluating claims for the Medicaid Program, the Department is required to apply all SSI-related criteria. See Scordas, 649 So.2d at 895.
Appellant's medical bills exceeded $200,000.00 and he last worked in June 2000. The Department completed a disability report on appellant and sent it to the Office of Disability Determination *1107 (hereinafter "ODD"), on December 21, 2000. Dr. Moore, who did not treat the appellant after the initial emergency room visit, noted in a questionnaire from ODD that appellant's condition was a temporary disability and that he would be able to return to work within a year. On February 21, 2001, ODD completed its findings and notified the Department that appellant did not meet the disability criteria based on a finding that appellant's impairments would not last more than twelve months. In a de novo review of these findings, a hearing was held before a hearing officer in April 2001. The hearing officer affirmed ODD's denial of benefits, finding that appellant did not meet the definition of disability contained in 20 C.F.R. § 416.905, and as analyzed pursuant to the disability evaluation criteria of 20 C.F.R. § 416.920.
Disability is
[t]he inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. To meet this definition, you must have a severe impairment, which makes you unable to do your previous work or any other substantial gainful activity which exists in the national economy....
20 C.F.R. § 416.905(a). The Department engages in a five-step analysis contained in 20 C.F.R. § 416.920, to determine whether a claimant is disabled and thus entitled to benefits. The five-step sequential analysis asks the following questions:
1. Is the claimant presently unemployed?
2. Is the claimant's impairment severe?
3. Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
4. Is the claimant unable to perform his or her former occupation?
5. Is the claimant unable to perform any other work within the economy?
Scordas, 649 So.2d at 895 (quoting McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir.1986)). An affirmative answer to any of the questions leads to the next question, or, in the case of steps three and five, to a finding of disability. A negative answer to any questions other than to step three leads to the finding of not disabled. See McDaniel, 800 F.2d at 1030; 20 C.F.R. § 416.920(a)-(f). The first two steps are threshold inquiries; indeed, step two allows only those claims based on the most trivial of impairments to be rejected. See McDaniel, 800 F.2d at 1031. A non-severe impairment is "[a]n impairment or combination of impairments" that "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.921. To satisfy the second step of the inquiry, a claimant carries a "mild burden." Muckenthaler v. State, Dep't of Children & Families, 732 So.2d 362, 363 (Fla. 2d DCA 1999). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Id. (quoting McDaniel, 800 F.2d at 1031).
Under step three of the analysis, evidence of the claimant's impairments is compared to a list of impairments presumed severe enough to preclude any gainful work. See Howson v. Dep't of Children & Families, 743 So.2d 564, 567 (Fla. 5th DCA 1999). A claimant is disabled if he or she has an impairment that is listed or that is equal to a listed impairment. See id. (emphasis added). Where a claimant has more than one impairment, but each does not meet or equal *1108 the severity of any of the listed impairments, then the impairments must be evaluated in combination. See Walker I, 533 So.2d at 837-38. Under this step, the decision-maker must determine whether the impairment or combination of impairments meet the durational requirement of twelve continuous months, and whether the impairment or impairments meet or equal one of the listed impairments so as to preclude substantial gainful employment. See Fricker v. Dep't of Health & Rehabilitative Servs., 606 So.2d 446, 448 (Fla. 1st DCA 1992); 20 C.F.R. §§ 416.909 and 416.920(d); 20 C.F.R., Part 404, Subpart P, Appendix 1. Moreover, the hearing officer is required to make "specific and well-articulated findings as to the effect of the combination of impairments, and to decide whether the combined impairments cause the claimant to be disabled." Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir.1987).
"Even if there is a negative answer to step three, the hearings officer must go on to step four and step five and evaluate the claimant's ability to `perform his or her former occupation or any other work within the national economy.'" Scordas, 649 So.2d at 896 (quoting Walker I, 533 So.2d at 837). The claimant bears the burden of proof for the first four steps of the SSI-related criteria found in the five-step sequential analysis. If the claimant proves that he or she is unable to engage in past relevant work, then the claimant has established a prima facie case of entitlement, and the burden shifts to the Department to show that the claimant was either capable of performing a former occupation or alternate work available in the national economy. See Walker II, 554 So.2d at 1203. If there is a finding that the claimant cannot perform his or her former occupation, there should be a discussion or analysis as to the jobs that the claimant is capable of performing during the applicable time period in light of his or her condition. See, e.g., Howson, 743 So.2d at 567.
The hearing officer found that appellant was not employed, and thus met the first step. As to the second and third steps, while noting that appellant had leg, hip and neck pain caused by multiple injuries, had pins in his leg, and used a cane and medication to help him walk and cope with the pain, because appellant's conditions were not contained in the list of impairments classified as "severe" in Appendix 1 of the Social Security Act, 20 C.F.R. Part 404, Subpart P, Appendix 1, the hearing officer found that the medical evidence did not support a finding that the appellant met or exceeded any of the required listings for disability. As to the fourth step, the hearing officer found that appellant was not able to do past relevant work. As to the fifth step, appellant's ability to do other work, the hearing officer observed that appellant was considered to be a younger individual, had a high school diploma, and had performed skilled and semi-skilled labor in the past. Without indicating what other work appellant was capable of performing, the hearing officer found "Rule 202.21 lists a finding of not disabled."
The standard of review in a disability case is to determine whether the order is supported by competent and substantial evidence. See Walker, 826 F.2d at 1000. A deferential standard of review applies to findings of fact. See Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). No such presumption of validity attaches, however, to conclusions of law, including the determination of the proper standards to apply in reviewing claims. See id. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate *1109 legal principles have been followed is grounds for reversal." Id.
A transcript of the hearing is not contained in the record on appeal, and although records of surgeon DePasquale are referred to in the final order as having been reviewed by ODD in making the initial determination to deny benefits, these, too, are also not contained. Appellant's Initial Brief contains a number of medical reports that detail appellant's medical condition, some of which post-date the initial denial of benefits,[2] and the latter are not considered in the court's analysis although not objected to by appellee. Notably, appellant states in his brief, that the hearing officer "did not want to see any of these documents [medical records] at the hearing." It is significant that the appellee in its brief accepts this statement of fact.
It is undisputed that the hearing officer had access to certain medical records, but that he did not allow appellant to present other, more recent, medical records. It is also unclear what records were reviewed since some of the records referred to in the order are not in the record on appeal. In reviewing a claim for social security benefits, the hearing officer has the duty to develop the record fully and fairly. See Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir.1999); see, e.g., Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882 (11th Cir.1990)(administrative law judge abused his discretion and deprived claimant of due process rights by failing to allow cross-examination of physician who wrote report that ALJ substantially relied upon).
The hearing officer properly found that appellant had met his burden of proving that he was unemployed, the first step in the analysis. As to the second step, namely, whether appellant's impairment was severe, the hearing officer found that appellant had been diagnosed with leg, hip and neck pain caused by multiple injuries and that he utilized a cane to help him walk and that he took pain medication. Nonetheless, the hearing officer made no finding with respect to the second step, failing to indicate whether the impairment was severe or not. This second step of the analysis is a threshold inquiry that allows only claims based on the most trivial of impairments to be rejected. Thus, the hearing officer's failure to make a finding as to step two is error. Assuming the officer's reference to the definition of "nonsevere" in this section of the analysis constitutes a finding, it is not supported by substantial competent evidence, which certainly exceeds the "mild" showing required. This error is compounded by the hearing officer's refusal to allow appellant to present additional documentary evidence concerning the extent and nature of his physical condition.
As to the third step of the analysis, considered to be the most "significant step," Howson, 743 So.2d at 567, the summary conclusion that appellant did not exhibit any of the listed conditions for disability sheds no light on the rationale employed to find that appellant's impairments, separately or combined, failed to "meet or equal" a listed impairment. See Scordas, 649 So.2d at 895. The hearing officer does not identify which, if any, listed impairments were compared. The order merely states that the Listing of Impairments does not identify any of the appellant's conditions as severe. In this aspect, the order is even less capable of *1110 review than was the order reversed in Howson, 743 So.2d at 567, wherein the hearing officer identified with specificity the listed impairments considered in Appendix 1 of the Social Security Act, but did not refer to any factual findings or evidence in the record to reject the disability claim. Here, absent a detailed evaluation of the criteria and the evidence, we cannot determine whether appellant's claim was properly evaluated. See Howson, 743 So.2d at 568; see also Snyder v. Fla., Dep't of Children & Family Dist. V, Pinellas Unit, 705 So.2d 1067, 1068 (Fla. 1st DCA 1998)(order denying Medicaid benefits which stated that the listings were reviewed and the evidence does not support the listed level of impairment, individually or in combination, was insufficient to permit the court to review the denial of benefits); Edlin, 633 So.2d at 1188 (order reversed where hearing officer did not explain why claimant's combination of impairments was not equivalent to an impairment and it was not clear what combination of impairments was considered).
The hearing officer found in favor of appellant as to step four, in that appellant could not perform past relevant work. However, as to step five, on which the Department carried the burden of proof, the hearing officer merely noted that appellant had a high school diploma, was a "younger individual," and had performed skilled and semi-skilled labor in the past. Compare Snyder, 705 So.2d at 1068 (order did not explain how claimant's age, education and work experience affected her ability to perform any other work in the national economy). Absent from the order is the identification of what jobs available in the national economy, if any, appellant is capable of performing. See Walker II, 554 So.2d at 1203 (HRS failed to identify any job available in the national economy that appellant could perform).
We are unable to discern from the final order the necessary findings and analysis required for a proper application of the sequential analysis. Because we cannot conduct a meaningful review of the final order, it is therefore vacated and remanded to the hearing officer for further consideration of the evidence. Appellant is to be given the opportunity of presenting such documentation and evidence as the administrative rules permit.
VACATED and REMANDED for further proceedings consistent with this opinion.
DELL and KLEIN, JJ., concur.
NOTES
[1] The Medicaid Program is authorized by sections 409.901-.920 Florida Statutes.
[2] Rule 65-2.056, Florida Administrative Code, provides that the hearing officer "shall determine whether the action by the agency was correct at the time the action was taken." We note that the appellee has not objected to the post-hearing medical records attached to appellant's brief, but nonetheless, these are not considered in making the decision herein.