801 So.2d 213 (2001)
Barbara A. SAPP, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES District:15 Martin Unit:88599, Appellee.
No. 4D01-2203.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
*214 Carol Avard of Avard Law Offices, P.A., Cape Coral, for appellant.
Laurel Hopper, Fort Pierce, for appellee.
PER CURIAM.
Barbara Sapp ("Sapp") appeals the final order of the office of public assistance denying her claim for disability income.
Sapp applied for Medicaid benefits under SSI, but had not yet reached age 65; therefore, the Department of Children and Family Services (the "Department") completed a disability assessment.
Sapp claimed disability primarily for ongoing migraines but she suffered from a myriad of other allegedly debilitating maladies. Sapp's claim was denied, and she requested an administrative hearing. After reviewing the Department's findings, supporting documentation and depositions taken in an unrelated case, the hearing officer affirmed the Department's denial of Sapp's claim.
Sapp argues that the hearing officer incorrectly applied the five-step sequential evaluation process set forth in 20 C.F.R. Section 416.920. We agree.
An appellate court will set aside a hearing officer's determination where there is legal error. See Mazzoni v. Dep't of Health & Rehab. Servs., 686 So.2d 743 (Fla. 2d DCA 1997)(citing with approval McDaniel v. Bowen, 800 F.2d 1026, 1029 (11th Cir.1986)). A claim for disability will be evaluated under the five-step analysis set forth in 20 C.F.R. Section 416.905. See Bonner v. Dep't of Health & Rehab. Servs., 698 So.2d 880, 881 (Fla. 1st DCA 1997); see also Scordas v. Dep't of Health & Rehab. Servs., 649 So.2d 894, 895 (Fla. 1st DCA 1995). The five questions to be answered are: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment severe? (3) Does the claimant's impairment meet or equal one of the impairments in 20 C.F.R. Pt. 404, Subpt., App. 1? (4) Is the claimant unable to perform his or her former job? (5) Is the claimant unable to perform any other work within the economy? See Mazzoni, 686 So.2d at 745. "An affirmative answer to any of the above questions leads us either to the next question, or, in steps three and five, to a finding of disability. A negative answer to *215 any question, other than step three, leads to a determination of not disabled." Scordas, 649 So.2d at 895 (quoting McDaniel, 800 F.2d at 1030)(internal quotations omitted).
In the case at bar, the hearing officer undertook evaluation of Sapp's claim under the five-step process, finding that, although Sapp passed steps one and two, her disabling condition failed to meet the test in step three. Thereafter, Sapp passed step four, but failed to pass step five which resulted in the hearing officer denying her claim. However, in reality analysis under steps three and five was improperly carried out.
A hearing officer's findings must contain detailed evaluation of the criteria and evidence relating the evidence to his conclusions. See Howson v. Dep't of Children & Families, 743 So.2d 564 (Fla. 5th DCA 1999). If, in step five the hearing officer determines that the claimant can do substantial gainful work in the economy, it is incumbent upon the hearing officer to determine the sort of work the claimant can do. See Snyder v. Dep't of Children & Families, 705 So.2d 1067, 1068 (Fla. 1st DCA 1998). Failure to make detailed findings as to factors three, four or five, and instead merely reaching a determination of non disability, is reversible error. See Scordas, 649 So.2d at 896.
The hearing officer's findings under step three were sorely lacking in detail as follows: "The third step is to determine whether or not the individual's impairment(s) meets or equals a listed impairment in Appendix 1 ... [the] listings of impairments, does not list any of the petitioner's conditions as severe." This language is nearly identical to the findings of the hearing officer in Scordas, "the third step is to determine whether or not the individual's impairment(s) meets or.... The evidence does not support such," which has previously been held to be insufficient. Id. The findings in the present case are devoid of support and evidence explaining which of Sapp's impairments were considered, and why, when considered in combination, they failed to meet the severity test. See Mazzoni, 686 So.2d at 746 (holding in part that a claimant with multiple impairments is entitled to have her impairments evaluated in combination).
Likewise, in step five, the hearing officer failed to make the necessary detailed findings as to the effect of Sapp's impairments on her ability to do substantial gainful work, and to additionally address what work, in the current economy, Sapp may be able to do. See Snyder, 705 So.2d at 1068 ("[I]f the hearing officer proceeds to steps four and five, it is incumbent upon the hearing officer to determine what sort of work the claimant is capable of doing.").
The hearing officer's findings in the case at bar simply state, "[t]he petitioner is ... closely approaching advanced age with a high school diploma, and has performed semiskilled labor in the past. Rule 201.15 lists a finding of not disabled." This language is strikingly similar to the language in Snyder, which the first district also found "insufficient to allow meaningful review." Id.
In conclusion, although the hearing officer undertook the proper evaluation of Sapp's claim under 20 C.F.R. Section 416.920, he failed to properly articulate his factual findings by reference to competent and substantial evidence or any other rationale to support the bare conclusions reached under steps three and five. The failure of the hearing officer to do either of these things constitutes reversible error. See Snyder, 705 So.2d at 1068.
*216 For this reason we reverse and remand the case to the Department. On remand, the hearing officer shall issue an order evaluating whether a combination of Sapp's impairments satisfies her burden under step three. In addition, the hearing officer shall determine what sort of work Sapp is capable of doing. The order must also contain an evaluation of how the appellant's age, education, and work experience affect her ability to perform any other work within the national economy. See id. at 1069.
REVERSED AND REMANDED.
DELL, GUNTHER and TAYLOR, JJ., concur.