DAMOORGIAN, J.
Craig Cordary appeals a disability hearing officer’s order finding that he was not disabled, and thus, not entitled to SSI-Related Medicaid benefits. We vacate the order finding that Cordary is not disabled because the order did not contain a detailed evaluation of the criteria and evi *235 dence of Cordary’s impairment, and the order did not specify what jobs were available to Cordary in the national economy.
A hearing officer’s determination as to disability will be upheld unless it is not supported by competent substantial evidence or is contrary to law. See Axilrod v. Fla. Dep’t. of Children and Family Servs., 799 So.2d 1103, 1108 (Fla. 4th DCA 2001).[1] In his order denying disability benefits, an appeals hearing officer must specify the reasons for his decision, and identify the supporting evidence and regulations. See 42 C.F.R. § 431.244(e); see also Scordas v. Dept of Health and Rehab. Servs., 649 So.2d 894, 895 (Fla. 1st DCA 1995); Axilrod, 799 So.2d 1103. In this case, the officer did not, as required by law, discuss or analyze why she found that Cordarys impairments were not as severe as those listed in the Code, discuss the cumulative effect of Cordarys ailments, or identify which jobs in the economy Cor-dary could perform.
In answering whether Cordarys impairments were as severe as those listed in the Code (step three), the appeals hearing officer summarily concluded that the listings 9.00 Endocrine System and 11.00 Neurological were reviewed. The medical evidence does not support that the petitioner meets or equals the listings. In Axilrod, we found the hearing officer’s analysis inadequate where the order stated that the petitioner’s condition was not as severe as those listed in the code without explaining why. In vacating the order, we held that “absent a detailed evaluation of the criteria and the evidence, we cannot determine whether the appellant’s claim was properly evaluated.” 799 So.2d at 1110.
Similarly, the order here simply states that after comparing Cordary’s impairments to those listed, the hearing officer does not find them to be severe. This is precisely the analysis this Court found insufficient in Axilrod. See also Howson v. Fla. Dep’t. of Children and Families, 743 So.2d 564 (Fla. 5th DCA 1999) (reversing an order that identified listings in the appendix which were reviewed, but failed to refer to factual findings or evidence). Thus, the order here is deficient because it does not explain why the appellant’s impairments are not as severe as the ones listed in the Code.
The order is also deficient because it failed to make a specific finding as to the cumulative effect of Cordary’s separate ailments. See Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir.1987) (where multiple impairments are complained of “it is the duty of the ... [hearing officer] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled”); Edlin v. Dep’t of Health & Rehab. Servs., 633 So.2d 1185, 1188 (Fla. 1st DCA 1994).
Lastly, the order failed to identify or discuss what jobs were available to Cor-dary in the national economy (step five). See Axilrod, 799 So.2d at 1108 (once the petitioner is found to not be able to perform his former occupation the order must discuss or analyze what specific jobs the petitioner is able to perform in light of his *236 condition); see also Howson, 743 So.2d at 567 (finding that petitioner is fit for sedentary work is insufficient without identification of specific jobs and a discussion or analysis as to how petitioner can perform those jobs). In this case, the hearing officer found that Cordary could not perform his former occupation, but did not identify any specific job Cordary could perform. Instead, the order stated that Cordary was able to perform “200 separate unskilled sedentary occupations.” Moreover, the hearing officer did not discuss or analyze how Cordary’s condition allowed him to perform those jobs. Consequently, the order was deficient on its face.
Because the order did not provide this Court with the necessary findings and analysis to determine that the appropriate legal principles were followed, we vacate the order and remand the case to DCF for further consideration of the evidence.

Vacated and Remanded For Further Proceedings Consistent with This Opinion.

KLEIN and HAZOURI, JJ„ concur.

. 20 C.F.R. § 416.920 sets the following five-step analysis that a hearing officer must follow in order to determine disability:
(1) Is the claimant presently unemployed?
(2) Is the claimant’s impairment severe?
(3) Does the claimant's impairment(s) meet or equal a listed impairment(s) set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform any other work within the economy?