977 So.2d 807 (2008)
Lisa BOLAND, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-3061.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
*808 Luciana Dias, West Palm Beach, for appellant.
Terry P. Verduin, West Palm Beach, for appellee.
STEVENSON, J.
This appeal involves the denial of disability benefits under the Department of Children and Families' SSI-related MEDS program. An applicant who is initially denied disability benefits may seek an administrative hearing, followed by an appeal to the appropriate district court, if necessary. The administrative hearing officer is required to engage in the sequential, five-step analysis set forth in 20 C.F.R. § 416.920 in order to determine whether the applicant is entitled to benefits. See Sapp v, Fla, Dep't of Children & Families, 801 So.2d 213, 214 (Fla. 4th DCA 2001); Axilrod v. State, Dep't of Children & Family Servs., 799 So.2d 1103, 1106 (Fla. 4th DCA 2001). In engaging in the required five-step analysis, the hearing officer must make findings reflecting a "detailed evaluation of the criteria and evidence relating the evidence to his conclusions." Sapp, 801 So.2d at 215. And, where the order does not contain sufficient findings to permit the appellate court to discern that there has been a proper application of the five-step analysis, the order is subject to reversal and remand for further consideration. Axilrod, 799 So.2d at 1110; see also Snyder v. Fla. Dep't of Children & Family Dist. V, Pinellas Unit: 89262, 705 So.2d 1067, 1068 (Fla. 1st DCA 1998). Such is the posture of the instant case, and we must reverse and remand for further findings.
The applicant, Lisa Boland, raises a number of issues on appeal, all of which are directed to the sufficiency of the required five-step analysis engaged in, and findings made, by the hearing officer. See, e.g., Axilrod, 799 So.2d at 1107-08 (describing five-step analysis and burdens of proof). The five-step analysis requires that the hearing officer ask the following five questions:
1. Is the claimant presently employed?
2. Is the claimant's impairment severe?
3. Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
4. Is the claimant unable to perform his or her former occupation?
5. Is the claimant unable to perform any other work within the economy?
*809 Id. at 1107; 20 C.F.R. § 416.920. "An affirmative answer to any of the questions leads to the next question, or, in the case of steps three and five, to a finding of disability. A negative answer to any questions other than to step three leads to the finding of not disabled." Axilrod, 799 So.2d at 1107 (citing McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir.1986), and 20 C.F.R. § 416.920(a)-(f)). If question three is answered in the negative, this does not end the inquiry and the hearing officer must still go on to consider questions four and five. This is so because "individuals who have a severe impairment that does not meet the criteria of the listings for mental disorders may still not have the `residential functional capacity' to engage in substantial gainful work activity" and thus may be "disabled." Mazzoni v. State, Dep't of Health & Rehabilitative Servs., 686 So.2d 743, 746 (Fla. 2d DCA 1997).
More specifically, Boland asserts that (1) the step three analysis is flawed as the hearing officer failed to make sufficiently detailed findings to support the conclusion that Boland's impairments do not "meet or equal" one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) in conducting the step four analysis, the hearing officer failed to evaluate whether Boland's previous job qualified as "past relevant work" and to evaluate and make the necessary findings concerning her residual functional capacity to return to her "past relevant work"; and (3) the analysis and findings concerning step five are insufficient as the hearing officer failed to identify the type of "other" work Boland could perform. We agree that the analysis, as reflected in the findings made by the hearing officer in the areas mentioned above, was insufficient to an extent that appellate review has been frustrated, and we must reverse and remand for further proceedings.
On remand, the hearing officer is reminded that while he "need not necessarily accept a treating physician's conclusory statement that a claimant is totally disabled, a substantially uncontested opinion of a treating physician should not be overlooked." Mazzoni 686 So.2d at 746 (citing Fricker v. Dep't of Health & Rehabilitative Servs., 606 So.2d 446 (Fla. 1st DCA 1992)); see also Snyder, 705 So.2d at 1069 (applying controlling federal law holding that agency must give considerable weight to opinion of treating physician in considering application for Medicaid benefits under Florida's Medically Needy Program). Further, it appears the hearing officer rejected the opinion of Boland's treating physician at least in part because the report failed to reflect or indicate the physician was aware of the relevant "disability" definitions and regulations. If, however, this ambiguity or deficiency was of concern to the hearing officer, then it was incumbent upon him to seek additional clarification and evidence on the matter. See 20 C.F.R. § 416.912(d)-(f) (stating, in part, that the Social Security Administration or State agency making the "disability" determination will "seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity . . . [or] the report does not contain all the necessary information"); Fla. Admin. Code R. 65-2.057(11)-(12) (providing that hearing officer "shall insure that all relevant issues are considered" and "shall request, receive and make part of the record information determined necessary to decide the issues being raised").
Accordingly, we reverse the order appealed and remand the matter to the hearing officer for further consideration and the required "detailed evaluation of the criteria and evidence relating the evidence to his conclusions." Sapp, 801 So.2d at *810 215.[1]
Reversed and Remanded.
STONE and TAYLOR, JJ., concur.
NOTES
[1] Any issues raised by Boland and not specifically addressed in this opinion were either found to be without merit or moot in light of our conclusion that remand for further proceedings and detailed findings of fact is necessary.